IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| HARLEY HOWARD, | CV 16-25-H-DLC-JTJ |
|---|---|
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| LEROY KIRKEGARD, WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Harley Howard's "Notice of Intent to File Habeas Corpus & Request for Extension of Time." (Doc. 1.) Howard is a state prisoner proceeding pro se.

**Motion to Proceed In forma Pauperis**

Howard has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis (Doc. 2) will be granted.

**Request for Extension**

Howard seeks a 90-day extension of time in which to file his petition for a

1

writ of habeas corpus under 28 U.S.C. § 2254. Howard seems to believe that he has 36 days remaining in which to file his federal petition. (Doc. 1 at 2.)

A one-year period of limitation applies to an application for a writ of habeas corpus advanced by a prisoner in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). Section 2254 does not authorize federal courts to prospectively extend or toll this limitations period. Further, whether a petition is timely filed is a determination that can be made only after the actual filing of the petition. Under the general principles of the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, a federal court may not issue advisory opinions. *See, e.g., Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]"). Because Mr. Howard has not yet filed his petition, no such determination can be made.

At this point, Mr. Howard's request for an extension should be denied. This matter should be dismissed without prejudice. If and when Mr. Howard files his petition, the Court will open a new case.

A certificate of appealability should be denied because reasonable jurists could not find grounds to doubt the jurisdictional ruling. *See, Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000).

Based on the foregoing, the Court enters the following:

**ORDER**

Mr. Howard's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

**RECOMMENDATIONS**

1. Mr. Howard's Request for Extension (Doc. 1) should be DENIED and the matter DISMISSED without prejudice.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Howard may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Howard must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of this action without notice to him.

DATED this 7th day of April, 2016.

                                          /s/ John Johnston
                                          John Johnston
                                          United States Magistrate Judge